UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANGELA RIDENOUR,

    Plaintiff,                                Case No. 3:17-cv-375

vs.

COMMISSIONER OF SOCIAL SECURITY,    District Judge Walter H. Rice
                                                                    Magistrate Judge Michael J. Newman

    Defendant.
_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 14), Plaintiff's reply (doc. 15), the administrative record (doc. 7),[3] and the record as a whole.

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of August 1, 2014. PageID 111. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease; an anxiety disorder; and bipolar disorder/depression. PageID 113.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

After initial denial of her applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on January 21, 2016. PageID 111. The ALJ issued a written decision on April 21, 2016 finding Plaintiff not disabled. PageID 128. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of sedentary work,[4] "there are jobs that exist in significant numbers in the national economy that [she] can perform[.]" PageID 126-28.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 32-35. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 111-28), Plaintiff's Statement of Errors (doc. 12), the Commissioner's memorandum in opposition (doc. 14), and Plaintiff's reply (doc. 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

---

[4] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 416.1567(a).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred in: (1) evaluating the medical opinion of treating physicians Robert Linn, D.O., and Mustafa Quadri, M.D.; (2) assuming the role of a medical expert; and (3) calculating her RFC. Finding error in the ALJ's assessment of Dr. Linn's opinion, the undersigned would direct that the ALJ consider Plaintiff's remaining arguments on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.1527(c)(2).

A treater's opinions must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384

(6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinions, consistency of the opinions with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.1527(c).

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Here, the record includes the opinion of Dr. Linn, Plaintiff's general physician and primary treatment provider throughout the period at issue. PageID 597-602, 943-62, 1422-51. Dr. Linn opined that, due to her impairments, Plaintiff is able stand for sixty minutes at a time and sit for thirty; work for two hours a day; occasionally lift ten pounds; frequently lift nothing; and occasionally engage in a number of postural activities. Page 989. Dr. Linn also found that Plaintiff's depression and anxiety would markedly[5] limit her ability to withstand the stress and pressure of ordinary work activity.[6] *Id*. Ultimately, Dr. Linn concluded that Plaintiff was suffering from severe pain and would consequently be off task 15% of the workday. *Id*.

---

[5] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.,* 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

[6] Notably, the ALJ concluded that "[n]o treating mental health source has provided an opinion that the claimant is 'disabled'" notwithstanding this portion of Dr. Linn's opinion. PageID 126.

5

Albeit recognizing that Dr. Linn's opinion fell within the purview of the treating physician's rule, the ALJ found it "not entitled to controlling or deferential weight" and instead afforded it "little weight." PageID 124. The ALJ discounted the opinion, first, because "it is unsupported by objective signs and findings." *Id*. Specifically, the ALJ cited "Dr. Linn's progress notes [that] show some decreased spinal range of motion, tenderness, spasms, and positive straight leg raising, but only on some occasions." *Id*. The undersigned finds error in this regard because the ALJ's conclusion is not supported by the record. *Blakely*, 581 F.3d at 406-07 (an ALJ must give good reasons that are "supported by the evidence in the case record"); *see also Dillman v. Comm'r of Soc. Sec.*, 990 F. Supp. 2d 787, 798 (S.D. Ohio 2013). While the ALJ posits that such findings are present in Dr. Linn's notes "only on some occasions," a thorough reading of the record reveals that Dr. Linn frequently observed spasms, tenderness, a limited range of motion, and swelling in Plaintiff's back. PageID 124. Indeed, Dr. Linn documented these findings at twelve out of Plaintiff's seventeen visits. *Compare* PageID 944, 949, 953, 957, 1423, 1427, 1431, 1435, 1438, 1442, 1445, 1449 *with* PageID 592, 596, 599, 560. An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position." *Daniel v. Comm'r of Soc. Sec.,* No. 3:14-cv-51, 2015 WL 4550406, at *4 (S.D. Ohio Mar. 6, 2015); *cf. Carter v. Comm'r of Soc. Sec.,* No. 3:13-cv-296, 2015 WL 791473, at *6 (S.D. Ohio Feb. 24, 2015) (finding error where the ALJ referenced only normal findings while either ignoring or minimizing abnormal findings).

Insofar as the ALJ discounted Dr. Linn's opinion because it was unsupported by "other findings in the record," or inconsistent with "the level of treatment [Plaintiff] received," the undersigned finds this analysis similarly flawed. PageID 124. The record is rife with raw medical data that is supportive of Dr. Linn's opinion and overlooked by the ALJ. Most significantly, an MRI in March 2015 showed moderate to severe disc space narrowing. PageID 983-84. An MRI in September 2015 demonstrated neural foraminal narrowing and multilevel cervical spondylosis. PageID 1381. In December 2015, Plaintiff's condition necessitated surgery. PageID 1106. And, finally, X-rays subsequent to Plaintiff's

6

surgery continued to exhibit mild foraminal encroachment, uncovertebral arthropathy, and degenerative changes of the lumbar spine. PageID 928-29. The record also contravenes the ALJ's statement regarding Plaintiff's treatment level, as it demonstrates that she underwent surgery, physical therapy, and injections for her back pain. Page ID 927-42, 928, 1106. *See Dillman v. Comm'r of Soc. Sec.*, 990 F. Supp. 2d 787, 797 (S.D. Ohio 2013) (finding the ALJ's characterization of "conservative treatment" to be belied by a record indicating that Plaintiff had a surgery for her impairment).

However, even assuming, *arguendo,* that the ALJ's assessment of the medical record was accurate, the ALJ nevertheless erred by determining that such a record could not support Dr. Linn's opinion. *Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings")). To the extent that the ALJ interpreted Dr. Linn's objective findings, the raw medical data, and treatment records to be inconsistent with Dr. Linn's opinions, such a judgment was an impermissible supplanting of his own medical judgment for that of the treating physician's. *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) (holding an ALJ "may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence"); *Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (holding that, "[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms").

Finally, the undersigned notes the ALJ's conclusion—that Dr. Linn's opinions are based on an uncritical acceptance of Plaintiff's subjective complaints—is contrary to the record as explained above and, thus, unsupported by substantial evidence. *Accord Kiser v. Comm'r of Soc. Sec.*, No. 3:16–cv–317, 2017 WL 4276657, at *4–5, (S.D. Ohio Sept. 27, 2017). The ALJ points to no evidence that Dr. Linn relied on Plaintiff's complaints rather than his long-standing treating relationship with Plaintiff. Thus, the ALJ failed to provide good reasons, supported by evidence in the record, for the insufficient weight given to the opinion by Plaintiff's treater.

7

In light of all the foregoing, the undersigned finds reversible error in the ALJ's analysis of Dr. Linn's medical opinion. *Jones v. Comm'r of Soc. Sec.,* No.: 3:14-cv-131, 2015 U.S. Dist. LEXIS 98223, at *14 (S.D. Ohio May 26, 2015) (finding reversible error where the ALJ "failed to conduct a controlling weight analysis in analyzing the opinions of [treating physicians] and also failed to give good reasons for affording their opinions little weight").

**IV.**

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming, and remand for further proceedings -- as specifically set forth above -- is proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date:   December 18, 2018            s/ Michael J. Newman
                                     Michael J. Newman
                                     United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).